## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT GRAHAM,<br><br>    Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:24-cv-00013<br><br>DEMAND FOR JURY TRIAL |

NOW comes ROBERT GRAHAM ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRUEACCORD CORP. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55 in connection with Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C.

1

§§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Florida and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Florida.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Hawthorne, Florida which lies within the Northern District of Florida.

5. Defendant is a full-service debt recovery corporation specializing in the collection of consumer debts throughout the United States, including Florida. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or asserted to be owed to others. Defendant's principal place of business is located at 16011 College Boulevard, Lenexa, Kansas, 66219.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out Defendant's attempts to collect upon two consumer obligations ("subject debt") Plaintiff allegedly owed.

8. Upon information and belief, following Plaintiff's purported default on the subject consumer debt, the subject consumer debt was charged-off and placed with Defendant for collection purposes.

9. In December 2023, Defendant started contacting Plaintiff via automated text message at his cellular number (904) XXX-9640 to collect on the subject debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber and owner of the cellular phone ending in -9640. He is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (855) 956-2468 when texting Plaintiff's cellular phone, but upon belief, Defendant has used other numbers as well.

12. Upon information and belief, Defendant regularly utilizes the above-referenced phone number during its debt collection activity.

13. A text message Plaintiff received from Defendant on December 7, 2023, is as follows:

> **This is TrueAccord, a debt collector. Click to learn more about our payment options: https://sm.true.ac/yn5v770. Reply STOP to opt out of SMS.**

14. Feeling bombarded by Defendant's text messages, in response to a text originating from number (855) 956-2468, Plaintiff texted back "STOP" to opt out of SMS.

3

15. A few days later, on December 11, 2023, received an identical text messages as the one referenced above, to which Plaintiff once again responded with "STOP."

16. Once again, a few day later, Plaintiff received another identical text message.

17. Plaintiff has received over *five* text messages since informing Plaintiff to stop.

18. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in exhausting time and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection texts, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending texts, interfering with Plaintiff's ability to work, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

  a. **Violations of FDCPA § 1692d**

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated § 1692d when it repeatedly sent text messages to Plaintiff after Plaintiff texted back STOP to opt out of SMS. Defendant knew and should have known that Plaintiff texted STOP to opt out of SMS and that STOP applies to all text messages from Defendant. To simply continue texting Plaintiff upon Plaintiff opting out of SMS carries with it the natural consequence of harassing and abusing Plaintiff.

28. Plaintiff opted out of SMS when he replied, "STOP." Defendant therefore was aware that further texting, was not welcomed. As such, Defendant knew that its conduct was harassing and annoying to Plaintiff.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. The Defendant violated Section 1692f of the Fair Debt Collection Practices Act (FDCPA) when it continued to send automated text messages to Plaintiff despite Plaintiff's explicit requests to cease such communications. Even after Plaintiff responded with "STOP" to opt out of SMS communications, Defendant persisted in sending identical text messages, disregarding Plaintiff's clear indication to discontinue contact. This repeated and unsolicited contact, particularly after Plaintiff's direct and explicit request to cease, constitutes an unfair and unconscionable collection practice under the FDCPA. Such actions demonstrate a blatant disregard for the provisions of the FDCPA, which are designed to protect consumers from abusive debt collection practices, and highlight Defendant's failure to comply with federal law governing debt collection.

WHEREFORE, Plaintiff, ROBERT GRAHAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

31. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

32. At all relevant times to this action, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

33. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

34. At all times relevant to this action, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla.Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said

provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

35. At all times material hereto, the subject debt is a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

36. Defendant violated § 559.72(7) of the FCCPA through its unlawful conduct.

    a. **Violations of FCCPA § 559.72(7)**

37. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

38. Defendant violated Section 559.72(7) of the Florida Consumer Collection Practices Act (FCCPA) when they willfully communicated with Plaintiff through repeated and unsolicited automated text messages, actions that can reasonably be expected to harass Plaintiff. This violation is clearly demonstrated by the Defendant's persistent contact attempts via text messages to collect the consumer debt, even after the Plaintiff explicitly requested the cessation of such communications by responding with "STOP." The frequency and nature of these messages, especially following Plaintiff's direct demand to stop receiving them, amount to conduct that can be reasonably perceived as intended to harass or abuse

the debtor. Despite being aware of Plaintiff's desire to not receive further messages, as evidenced by the Plaintiff's responses, Defendant continued to send identical, automated texts. This consistent and unyielding approach in attempting to collect the debt, disregarding the Plaintiff's expressed wishes, constitutes a clear violation of the FCCPA, as it demonstrates a willful engagement in conduct that can be reasonably expected to harass or abuse the debtor.

WHEREFORE, Plaintiff, ROBERT GRAHAM, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant ;

b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff or Plaintiff's fiancé seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: January 23, 2024,                    Respectfully submitted,

                                            */s/Alexander J. Taylor*

                                        Alexander J. Taylor, Esq.  
                                      Counsel for Plaintiff  
                                      Sulaiman Law Group, LTD  
                                      2500 S. Highland Avenue, Suite 200  
                                      Lombard, Illinois 60148  
                                      Telephone:(630) 575-8181 Ext. 180  
                                      Fax: (630) 575-8188  
                                      ataylor@sulaimanlaw.com